**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **RANDALL MESSINA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.   4:08CV-00506 CDP** |
| | ) | |
| **CITY OF WASHINGTON,** | ) | |
| **MISSOURI, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ANSWER</u>

Defendants City of Washington, Richard Stratman, Kenneth Hahn, Robert Engemann, Tim Overschmidt, John Rhodes, Kevin Hellmann, Tim Brinker, Connie Groff, Marty Tudor, Carolyn Witt, and Kevin Menefee state the following for their answer to plaintiff's complaint:

1.      Defendants admit the allegations contained in paragraph 1, except that defendants deny that there is a basis in law and/or fact for the claims that plaintiff asserts against defendants.

2.      Defendants admit the allegations contained in paragraph 2.

3.      Defendants admit the allegations contained in paragraph 3.

4.      Defendants admit the allegations contained in paragraph 4.

5.      Defendants admit the allegations contained in paragraph 5.

6.      Defendants admit the allegations contained in paragraph 6, except that defendants deny that all of the individuals identified in paragraph 6 are currently members of the City Council for defendant City of Washington.

7.      Defendants admit the allegations contained in paragraph 7.

8.      Defendants admit the allegations contained in paragraph 8.

9.      Defendants admit the allegations contained in paragraph 9.

10.     Defendants admit the allegations contained in paragraph 10.

11.     Defendants admit the allegations contained in paragraph 11.

12.     The best evidence regarding plaintiff's employment with defendant City of Washington is contained in documents in plaintiff's personnel file.  Defendants deny the allegations contained in paragraph 12 to the extent that they are contrary to and/or mischaracterize information in documents in plaintiff's personnel file.

13.     Defendants admit that plaintiff formed a mounted patrol for the Police Department.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 13.

14.     The best evidence regarding plaintiff's employment with defendant City of Washington is contained in documents in plaintiff's personnel file.  Defendants deny the allegations contained in paragraph 14 to the extent that they are contrary to and/or mischaracterize information in documents in plaintiff's personnel file.

15.     The best evidence regarding plaintiff's employment with defendant City of Washington is contained in documents in plaintiff's personnel file.  Defendants deny the allegations contained in paragraph 15 to the extent that they are contrary to and/or mischaracterize information in documents in plaintiff's personnel file.

16.     Defendants admit that defendant Hahn sent an e-mail to all police officers on or about August 16, 2007.  The e-mail itself is the best evidence of its contents, and defendants deny the allegations contained in paragraph 16 insofar as they are inconsistent with and/or mischaracterize the contents of the foregoing e-mail.

2

17.     Defendant Hahn's e-mail is the best evidence of its contents, and defendants deny the allegations contained in paragraph 17 to the extent that they are inconsistent with and/or mischaracterize the contents of the foregoing e-mail.

18.     Defendant Hahn's e-mail is the best evidence of its contents, and defendants deny the allegations contained in paragraph 18 to the extent that they are inconsistent with and/or mischaracterize the contents of the foregoing e-mail.

19.     Defendants deny the allegations contained in paragraph 19.

20.     Defendants admit that defendant Hahn outlined performance standards for City of Washington police officers during a staff on or about November 1, 2007. Defendants deny the remaining allegations contained in paragraph 20.

21.     The minutes of the November 15, 2007 staff meeting are the best evidence of the contents thereof, and defendants deny the allegations contained in paragraph 21 insofar as they are inconsistent with and/or mischaracterize the contents of the foregoing minutes.

22.     Defendants deny the allegations contained in paragraph 22 regarding a "quota system," and therefore deny the remaining allegations contained in paragraph 22.

23.     Defendants deny the allegations contained in paragraph 23.

24.     Defendant Menefee's e-mail is the best evidence of its contents, and defendants deny the allegations contained in paragraph 24 insofar as the allegations are inconsistent with and/or mischaracterize the contents of defendant Menefee's e-mail.

25.     Defendant Menefee's e-mail is the best evidence of its contents, and defendants deny the allegations contained in paragraph 25 insofar as the allegations are inconsistent with and/or mischaracterize the contents of defendant Menefee's e-mail.

26.     Defendant Menefee's e-mail is the best evidence of its contents, and defendants deny the allegations contained in paragraph 26 insofar as the allegations are inconsistent with and/or mischaracterize the contents of defendant Menefee's e-mail.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, except that defendants deny the allegations regarding "the Department's new quota driven standards."

28.     Defendants admit the existence of an e-mail dated January 16, 2007 from plaintiff to Lieutenant Thompson.  Defendants deny plaintiff's characterization of the contents of the e-mail, and further deny the allegations contained in all subparagraphs of paragraph 28.

29.     Defendants admit the existence of an e-mail from Lieutenant Thompson, and further state that the e-mail is the best evidence of its contents.  Defendants deny the allegations contained in paragraph 29 insofar as those allegations are inconsistent with and/or mischaracterize the contents of the foregoing e-mail, and further deny the existence of "new performance standard quotas."

30.     Defendants admit that Lieutenant Thompson forwarded an e-mail identified as from plaintiff.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30.

31.     Defendants admit that defendant Hahn wrote an e-mail on January 16, 2008, and state that the foregoing e-mail is the best evidence of its contents.  Defendants deny that defendant Hahn "became incensed;" deny plaintiff's characterization of the e-mail as "a thinly veiled reference intended to disparage and embarrass Messina;" and deny all other allegations contained in paragraph 31 to the extent that the allegations are

4

inconsistent with and/or mischaracterize the contents of the foregoing e-mail.

32.     Defendants deny the allegations contained in paragraph 32 and all subparagraphs thereof.

33.     Defendants admit the allegations contained in paragraph 33.

34.     Defendants admit that defendant Hahn requested plaintiff attend a meeting on January 18, 2007 to discuss plaintiff's e-mail.  Defendants deny the remaining allegations contained in paragraph 34.

35.     Defendants state that on information and belief, plaintiff tape recorded the January 18, 2007 meeting, and that the tape recording that plaintiff made of the meeting, if unaltered, constitutes the best evidence of what occurred during that meeting. Defendants deny the allegations contained in paragraph 35 to the extent that those allegations are inconsistent with the tape recording defendants believe plaintiff made of the meeting, and further deny the allegations to the extent that they mischaracterize what occurred during the meeting.

36.     Defendants state that on information and belief, plaintiff tape recorded the January 18, 2007 meeting, and that the tape recording that plaintiff made of the meeting, if unaltered, constitutes the best evidence of what occurred during that meeting. Defendants deny the allegations contained in paragraph 36 to the extent that those allegations are inconsistent with the tape recording defendants believe plaintiff made of the meeting, and further deny the allegations to the extent that they mischaracterize what occurred during the meeting.

37.     Defendants state that on information and belief, plaintiff tape recorded the January 18, 2007 meeting, and that the tape recording that plaintiff made of the meeting,

if unaltered, constitutes the best evidence of what occurred during that meeting. Defendants deny the allegations contained in paragraph 37 to the extent that those allegations are inconsistent with the tape recording defendants believe plaintiff made of the meeting, and further deny the allegations to the extent that they mischaracterize what occurred during the meeting.

38.     Defendants state that on information and belief, plaintiff tape recorded the January 18, 2007 meeting, and that the tape recording that plaintiff made of the meeting, if unaltered, constitutes the best evidence of what occurred during that meeting. Defendants deny the allegations contained in paragraph 38 to the extent that those allegations are inconsistent with the tape recording defendants believe plaintiff made of the meeting, and further deny the allegations to the extent that they mischaracterize what occurred during the meeting.

39.     Defendants state that on information and belief, plaintiff tape recorded the January 18, 2007 meeting, and that the tape recording that plaintiff made of the meeting, if unaltered, constitutes the best evidence of what occurred during that meeting. Defendants deny the allegations contained in paragraph 39 to the extent that those allegations are inconsistent with the tape recording defendants believe plaintiff made of the meeting, and further deny the allegations to the extent that they mischaracterize what occurred during the meeting.

40.     Defendants state that on information and belief, plaintiff tape recorded the January 18, 2007 meeting, and that the tape recording that plaintiff made of the meeting, if unaltered, constitutes the best evidence of what occurred during that meeting. Defendants deny the allegations contained in paragraph 40 to the extent that those

allegations are inconsistent with the tape recording defendants believe plaintiff made of the meeting, and further deny the allegations to the extent that they mischaracterize what occurred during the meeting.  Defendants further deny the allegations contained in the footnote to paragraph 40.

  41. Defendants state that on information and belief, plaintiff tape recorded the January 18, 2007 meeting, and that the tape recording that plaintiff made of the meeting, if unaltered, constitutes the best evidence of what occurred during that meeting. Defendants deny the allegations contained in paragraph 41 to the extent that those allegations are inconsistent with the tape recording defendants believe plaintiff made of the meeting, and further deny the allegations to the extent that they mischaracterize what occurred during the meeting.

  42. Defendants state that on information and belief, plaintiff tape recorded the January 18, 2007 meeting, and that the tape recording that plaintiff made of the meeting, if unaltered, constitutes the best evidence of what occurred during that meeting. Defendants deny the allegations contained in paragraph 42 to the extent that those allegations are inconsistent with the tape recording defendants believe plaintiff made of the meeting, and further deny the allegations to the extent that they mischaracterize what occurred during the meeting.

  43. Defendants state that on information and belief, plaintiff tape recorded the January 18, 2007 meeting, and that the tape recording that plaintiff made of the meeting, if unaltered, constitutes the best evidence of what occurred during that meeting. Defendants deny the allegations contained in paragraph 43 to the extent that those allegations are inconsistent with the tape recording defendants believe plaintiff made of

the meeting, and further deny the allegations to the extent that they mischaracterize what occurred during the meeting.

44.    Defendants state that on information and belief, plaintiff tape recorded the January 18, 2007 meeting, and that the tape recording that plaintiff made of the meeting, if unaltered, constitutes the best evidence of what occurred during that meeting. Defendants deny the allegations contained in paragraph 44 to the extent that those allegations are inconsistent with the tape recording defendants believe plaintiff made of the meeting, and further deny the allegations to the extent that they mischaracterize what occurred during the meeting.

45.    Defendants state that on information and belief, plaintiff tape recorded the January 18, 2007 meeting, and that the tape recording that plaintiff made of the meeting, if unaltered, constitutes the best evidence of what occurred during that meeting. Defendants deny the allegations contained in paragraph 45 to the extent that those allegations are inconsistent with the tape recording defendants believe plaintiff made of the meeting, and further deny the allegations to the extent that they mischaracterize what occurred during the meeting.

46.    Defendants state that on information and belief, plaintiff tape recorded the January 18, 2007 meeting, and that the tape recording that plaintiff made of the meeting, if unaltered, constitutes the best evidence of what occurred during that meeting. Defendants deny the allegations contained in paragraph 46 to the extent that those allegations are inconsistent with the tape recording defendants believe plaintiff made of the meeting, and further deny the allegations to the extent that they mischaracterize what occurred during the meeting.

47.     Defendants state that on information and belief, plaintiff tape recorded the January 18, 2007 meeting, and that the tape recording that plaintiff made of the meeting, if unaltered, constitutes the best evidence of what occurred during that meeting. Defendants deny the allegations contained in paragraph 47 to the extent that those allegations are inconsistent with the tape recording defendants believe plaintiff made of the meeting, and further deny the allegations to the extent that they mischaracterize what occurred during the meeting.

48.     Defendants state that on information and belief, plaintiff tape recorded the January 18, 2007 meeting, and that the tape recording that plaintiff made of the meeting, if unaltered, constitutes the best evidence of what occurred during that meeting. Defendants deny the allegations contained in paragraph 48 to the extent that those allegations are inconsistent with the tape recording defendants believe plaintiff made of the meeting, and further deny the allegations to the extent that they mischaracterize what occurred during the meeting.

49.     Defendants state that on information and belief, plaintiff tape recorded the January 18, 2007 meeting, and that the tape recording that plaintiff made of the meeting, if unaltered, constitutes the best evidence of what occurred during that meeting. Defendants deny the allegations contained in paragraph 49 to the extent that those allegations are inconsistent with the tape recording defendants believe plaintiff made of the meeting, and further deny the allegations to the extent that they mischaracterize what occurred during the meeting.

50.     Defendants deny the allegations contained in paragraph 50, except that defendants admit that defendant Stratman sent Messina a letter dated January 24, 2008

and that the foregoing letter is the best evidence of its contents.

51.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52.     Defendants admit the allegations contained in paragraph 52, except that defendants deny that the City Council members' action was taken "without further investigation or inquiry," and further deny that defendants Brinker and Tudor voted to terminate plaintiff's employment.

53.     Defendants admit that defendant Stratman, by letter dated February 5, 2008, informed plaintiff of the City Council's vote to terminate plaintiff's employment with the City of Washington.  Defendants deny the remaining allegations contained in paragraph 53.

54.     Defendants admit the allegations contained in paragraph 54.

### COUNT I

55.     In paragraph 55, plaintiff incorporates by reference paragraphs 1 through 54.  Defendants reallege and incorporate by reference their answers to the foregoing paragraphs.

56.     Defendants deny the allegations contained in paragraph 56 except insofar as they pertain to the City Council.

57.     Defendants deny the allegations contained in paragraph 57.

58.     Defendants deny the allegations contained in paragraph 58.

59.     Defendants deny the allegations contained in paragraph 59.

60.     Defendants deny the allegations contained in paragraph 60.

61.     Defendants deny the allegations contained in paragraph 61.

62.     Defendants deny the allegations contained in paragraph 62.

63.     Defendants deny the allegations contained in paragraph 63.

64.     Defendants deny the allegations contained in paragraph 64.

### DEFENSES

1.     Plaintiff's complaint fails to state a claim upon which relief can be granted against defendants.

2.     There was a legitimate, non-discriminatory reason or reasons for any adverse employment action any defendant took with reference to plaintiff's employment.

3.     Defendants would have made the same decision regarding plaintiff's employment even if plaintiff had engaged in any activity protected by the Constitution.

4.     All defendants, other than the City of Washington, are immune from plaintiff's claim for damages in their individual capacities by reason of the doctrine of qualified immunity, in that whatever actions, if any, defendants engaged in with reference to plaintiff, were undertaken reasonably, and were not in violation of any clearly established rights secured for plaintiff by the Constitution and laws of the United States.

5.     Plaintiff has failed to mitigate whatever damages, if any, plaintiff may have incurred by reason of the matters alleged in the complaint.

6.     Plaintiff's claim for punitive damages against defendants other than defendant City of Washington violates the rights of those defendants to due process, equal protection, and freedom from excessive fines under both the Constitution of the United States and the Constitution of the State of Missouri.

WHEREFORE, having fully answered Count I of plaintiff's complaint, defendants pray this Court enter its order dismissing Count I with prejudice, awarding

defendants their costs and reasonable attorney fees pursuant to 42 U.S.C. §1988(b), and

granting defendants such further relief as this Court deems proper.

## COUNT II

65.     In paragraph 65, plaintiff incorporates by reference paragraphs 1 through

64.  Defendants reallege and incorporate by reference their answers to the foregoing

paragraphs.

66.     Defendants deny the allegations contained in paragraph 66 and all

subparagraphs thereof.

67.     Defendants deny the allegations contained in paragraph 67.

68.     Defendants deny the allegations contained in paragraph 68.

69.     Defendants deny the allegations contained in paragraph 69.

70.     Defendants deny the allegations contained in paragraph 70.

71.     Defendants deny the allegations contained in paragraph 71.

## DEFENSES

1.     Defendants reallege and incorporate by reference the defenses set forth in

response to Count I of plaintiff's complaint.

WHEREFORE, having fully answered Count II of plaintiff's complaint,

defendants pray this Court enter its order dismissing Count II with prejudice, awarding

defendants their costs and reasonable attorney fees pursuant to 42 U.S.C. §1988(b), and

granting defendants such further relief as this Court deems proper.

## COUNT III

72.     In paragraph 72, plaintiff incorporates by reference paragraphs 1 through

71.  Defendants reallege and incorporate by reference their answers to the foregoing

paragraphs.

73.    Defendants deny the allegations contained in paragraph 73.

74.    Defendants deny the allegations contained in paragraph 74.

75.    Defendants deny the allegations contained in paragraph 75.

76.    Defendants deny the allegations contained in paragraph 76.

77.    Defendants deny the allegations contained in paragraph 77.

78.    Defendants deny the allegations contained in paragraph 78.

79.    Defendants deny the allegations contained in paragraph 79.

80.    Defendants deny the allegations contained in paragraph 80.

## DEFENSES

1.    Defendants reallege and incorporate by reference the defenses set forth in response to Count I of plaintiff's complaint.

WHEREFORE, having fully answered Count III of plaintiff's complaint, defendants pray this Court enter its order dismissing Count III with prejudice, awarding defendants their costs and reasonable attorney fees pursuant to 42 U.S.C. §1988(b), and granting defendants such further relief as this Court deems proper.

## COUNT IV

81.    In paragraph 81, plaintiff incorporates by reference paragraphs 1 through 80.  Defendants reallege and incorporate by reference their answers to the foregoing paragraphs.

82.    Defendants deny the allegations contained in paragraph 82.

83.    Defendants deny the allegations contained in paragraph 83.

84.    Defendants deny the allegations contained in paragraph 84.

85.     Defendants deny the allegations contained in paragraph 85.

86.     Defendants deny the allegations contained in paragraph 86.

87.     Defendants deny the allegations contained in paragraph 87, and further deny that plaintiff engaged in "whistleblowing activity."

88.     Defendants deny the allegations contained in paragraph 88.

89.     Defendants deny the allegations contained in paragraph 89.

90.     Defendants deny the allegations contained in paragraph 90.

### DEFENSES

1.     Defendants reallege and incorporate by reference the defenses set forth in response to Count I of plaintiff's complaint.

2.     Defendant City of Washington is immune from plaintiff's claim by reason of the doctrine of sovereign immunity.

3.     All defendants other than the City of Washington are immune from plaintiff's claim for damages against defendants in their individual capacities by reason of the doctrine of official immunity, in that whatever conduct, if any, defendants engaged in with reference to plaintiff, was undertaken in the discretionary discharge of defendants' official duties on behalf of defendant City of Washington.

WHEREFORE, having fully answered Count IV of plaintiff's complaint, defendants pray this Court enter its order dismissing Count IV with prejudice, awarding defendants their costs, and granting defendants such further relief as this Court deems proper.

## COUNT V

91.     In paragraph 91, plaintiff incorporates by reference paragraphs 1 through 90.  Defendants reallege and incorporate by reference their answers to the foregoing paragraphs.

92.     Defendants deny the allegations contained in paragraph 92.

93.     Defendants deny the allegations contained in paragraph 93.

94.     Defendants deny the allegations contained in paragraph 94.

## DEFENSES

1.     Defendants reallege and incorporate by reference the defenses set forth in response to Counts I and IV of plaintiff's complaint.

WHEREFORE, having fully answered Count IV of plaintiff's complaint, defendants pray this Court enter its order dismissing Count IV with prejudice, awarding defendants their costs, and granting defendants such further relief as this Court deems proper.

Respectfully Submitted,

KING, KREHBIEL, HELLMICH
& BORBONUS, LLC


By:     _/s/ Robert J. Krehbiel_____.
ROBERT J. KREHBIEL   #3614
2000 South Hanley Road
St. Louis, MO  63144-1524
Phone: (314) 646-1110
FAX:  (314) 646-1122
Email:  rkrehbiel@kkhhb.com
*Attorney for Defendants*

15

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:  Lynette M. Petruska, Esq., *Attorney for Plaintiff,* **lmpetruska@hotmail.com**

   */s/ Robert J. Krehbiel*                            .